## Vías v. Sucesión Pérez.

Apelación procedente de la Corte de Distrito de Humacao.

No. 657.—Resuelto en junio 24, 1911.

Anotación de Rebeldía—Emplazamiento del Demandado—Demandados en Distintos Conceptos.—Emplazado personalmente un demandado con entrega de copia de la demanda, quedan cumplidos los requisitos que exige la ley para que se considere que la corte ha adquirido jurisdicción sobre su persona y el hecho de haber sido demandado en distintos conceptos, no exige que por cada uno de ellos se le tenga que hacer una citación, y habiéndosele anotado su rebeldía, procede que se desestime su contestación a la demanda, presentada después de la anotación de rebeldía.

Sociedad—Aportación de Productos de Fincas Propias.—Habiéndose aportado a una sociedad el producto de fincas propias de cada uno de los socios, y no el derecho de usufructo que se tuviere en finca ajena, no necesitaba alegar la demanda que se había otorgado escritura pública de la constitución de la sociedad, cuyos requisitos sólo exije el artículo 1569 del Código Civil, cuando alguno de los socios aporte a ella bienes inmuebles o derechos reales.

Id.—Constitución de Sociedad Mediante Escritura Pública—Reclamaciones entre los Socios.—Aun en el supuesto de que fuera necesario constituir una sociedad mediante escritura pública, este requisito sería indispensable para reclamar contra tercero y no para reclamaciones entre los mismos socios, pues para éstos el contrato produce todos sus efectos legales aunque carezca de ese requisito de forma.

Sociedad Civil Particular de Ganancias.—De las alegaciones expuestas en la demanda se demuestra la constitución de una sociedad civil particular de ganancias, porque tiene por fin repartirse los beneficios que determinadas fincas pudieran producir, y no hay hecho alguno en ella que dé a comprender, que tenía por objeto dedicarse a operaciones de comercio.

Id.—Socios Menores de Edad—Sociedades Civiles.—Los preceptos del artículo 4 del Código de Comercio que exigen 21 años de edad para dedicarse al comercio, no son aplicables a las sociedades civiles, pues en el Código Civil no hay

precepto alguno que impida a los menores de edad debidamente representados, formar parte de sociedades civiles.

Id.—Constitución de Sociedades Civiles—Representación de Socios Menores de Edad.—No es un requisito indispensable para la constitución de una sociedad civil que los socios menores de edad estén representados por un defensor, y cuando el padre tenga intereses opuestos a los de su hijo, sólo entonces deberán estar éstos representados por un defensor, sin que en el caso de autos hubiera intereses encontrados.

Id.—Autorización Judicial.—No es necesaria la autorización judicial para que un menor constituya una sociedad civil, como la que se discute en este pleito, porque no se trataba de enajenar o gravar bienes inmuebles.

Id.—Reconocimiento de Deuda por el Padre de un Menor—Autorización Judicial—Liquidación de la Sociedad.—Actuando el padre como socio de una sociedad por sí y en representación de sus hijos menores, el reconocimiento que haga de una deuda de dicha sociedad, obliga a aquellos a quienes legalmente representa, sin que sea requisito indispensable para hacer tal reconocimiento de deuda, el obtener autorización judicial porque, es el resultado de una liquidación de sociedad practicada por él, por sí y por sus menores hijos; en cuyo caso no necesitaba la aprobación judicial de acuerdo con el artículo 1027 del Código Civil que es aplicable a la liquidación de sociedades civiles según el artículo 1610 del propio Código.

Alegato del Apelante—Especificación de Errores—Cita de la Ley Infringida.—El apelante en su alegato al exponer los errores que supone cometidos por el tribunal inferior debe citar la ley infringida, pues de lo contrario de acuerdo con el artículo 43 del Reglamento del Tribunal Supremo, puede este tribunal prescindir de tratar los supuestos errores.

Liquidación de Sociedad—Liquidación Practicada por un Socio.—La liquidación practicada por un socio y aceptada por el otro, es la liquidación de ambos.

Los hechos están expresados en la opinión.

Abogado de los apelantes: Sr. Francisco Socorro.

Abogado del apelado: Sr. Juan Vías Ochoteco.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

La demanda jurada del demandante en este caso, presentada en la Corte de Distrito del Distrito de Humacao el 23 de abril de 1908, y dirigida contra la Sucesión de Da. Isabel Pérez Sánchez, compuesta de su viudo Don Francisco Busó Cabrera y de sus hijos Francisco, Poncio y Julio Busó Pérez y además contra el Sr. Busó Cabrera como heredero de su otro hijo Oscar Pablo Busó Pérez, alega sustancialmente:

1. Que en enero de 1903, el demandante y Don Francisco Busó Cabrera, actuando éste por sí y como legítimo repre-

sentente de la Sucesión de Da. Isabel Pérez Sánchez, compuesta de sus tres hijos menores de edad demandados y además de otro hijo llamado Oscar Pablo, fallecido después de su madre, convinieron verbalmente una sociedad para el cultivo del algodón en una finca propiedad de esa sucesión.

2. Según ese convenio, el demandante Vías, suministraría por vía de refacción los semanales y gastos generales de los que se reintegraría al final de cada cosecha, debiendo además tasarse la finca, para que mediante el pago por el demandante de la mitad de su valor, pasase a la propiedad de la social Vías y Busó.

3. Como esa finca tenía una hipoteca, el demandante de acuerdo con lo pactado entregó a Don Francisco Busó Cabrera 165 pesos, que era la mitad de la suma necesaria para satisfacer el vencimiento de un plazo que pagó Busó, añadiéndole otra cantidad igual.

4. Al mes siguiente, febrero de 1903, deseando ampliar sus negocios, acordaron que el demandante comprase otra finca igual y colindante, como lo verificó del Sr. Valdejuli, por escritura de nueve de ese mes y año.

5. Convinieron también que cada finca seguiría siendo de sus respectivos adquirentes y la sociedad continuaría únicamente para obtener mayores ventajas en el cultivo del algodón y demás frutos, por carecer de recursos la Sucesión Pérez, y sólo en ese concepto fué que el demandante puso su finca a disposición de Busó, pero libre de todo gravamen de que pudiera ser responsable la sociedad. Que el precio aplazado de la finca adquirida por Vías, fué por éste satisfecho con fondos de su propiedad exclusiva y desde entonces la Sucesión Pérez debió devolverle los $165 que le había entregado.

6. Alega el demandante que puntualmente entregó a Vías & Busó todo el dinero que necesitó para el negocio agrícola hasta septiembre de 1905, en que quedó disuelta, sin que jamás haya recibido utilidad alguna, pues antes al contrario, ha tenido que pagar intereses de las sumas que suministró.

7. Que la contablidad de la sociedad fué llevada por Busó Cabrera, por sí y como representante de la Sucesión Pérez, arrojando esas cuentas al tiempo de la disolución, según los libros, un saldo a favor del demandante, de $5,471.63, de los cuales el mismo Busó reconoce adeudar $1,207.61.

8. Que en junio de 1903, Busó Cabrera y sus hijos, representados por un defensor, liquidaron los bienes dejados por Isabel Pérez, sin tener en cuenta la sociedad que existía desde enero de 1903, la que no liquidaron para saber el verdadero valor de la estancia que aportaron a la sociedad y deducir el resultado de ella, habiendo sido adjudicada la finca a Busó Cabrera por $2,500, cuando había sido mejorada con dinero del demandante suministrado a Vías y Busó, adjudicación que no le fué consultada ni consintió.

9. Que toda o la mayor parte de la suma reclamada, se invirtió en beneficio de la finca de la Sucesión Pérez, la que por ello aumentó su valor en más de mil dollars.

10. Que en los primeros días de septiembre de 1905, antes de terminarse la sociedad, Busó Cabrera arrancó 130 palmas de cocos de la finca del demandante y las trasplantó en la suya, ocasionándole así un perjuicio de $150.

11. Que antes había demandado por $1,772.61 que es la cantidad realmente debida por los demandados, pero para simplificar su reclamación desistió de aquella demanda para reducirla a las ahora mencionadas.

12. Que por la presente demanda reclama $1,522.61 y sus intereses legales, que durante dos años y medio ascienden a $235.91, más los posteriormente devengados.

La cédula de emplazamiento expedida en este caso, en el párrafo que menciona las personas demandadas dice así:

"A la Sucesión de Doña Isabel Pérez Sánchez, compuesta de su esposo Don Francisco Busó Cabrera y de sus menores hijos Francisco, Poncio y Julio Busó Pérez, y a Don Francisco Busó como heredero de su hijo difunto nombrado Oscar Pablo Busó Pérez. Estando representados todos por el Sr. Bnº Cabrera, o sean demandados antes mencionados."

El certificado del marshal acredita haber notificado la demanda a Don Francisco Busó Cabrera personalmente, por sí y como representante de la Sucesión de Isabel Pérez, con entrega de copia del emplazamiento y de la demanda.

A instancia del demandante después de transcurrido el término para comparecer los demandados, el secretario anotó la rebeldía de éstos y después se registró una sentencia contra todos, la que en apelación fué anulada por este Tribunal Supremo y anuló también la anotación de rebeldía de los menores demandados, pero dejó subsistente esa rebeldía en cuanto al demandado Busó Cabrera.

Luego de esto, los demandados Busó Pérez presentaron un escrito de excepciones y contestación, haciendo lo propio posteriormente Busó Cabrera. Al comenzar el juicio, la Corte desestimó las excepciones de los primeros y dejó de considerar las del segundo en atención a su rebeldía.

Las excepciones de los hermanos Busó Pérez, fueron la de falta de hechos en la demanda que determinasen una causa de acción, y la de ambigüedad en la misma.

La contestación de los hermanos Busó Pérez que juró uno de ellos, sólo admitió que el demandante y Busó Cabrera, representando éste a la Sucesión de Isabel Pérez, de la cual ellos forman parte, celebraron un contrato de sociedad agrícola y el contenido de las alegaciones 11 y 12 de la demanda, esto es, que ántes se presentó otra demanda y cuáles son las cantidades ahora reclamadas. En contraposición afirmaron, que el contrato de sociedad, terminaría cuando lo convinieran los socios; que la finca de la sucesión pasaría a la propiedad de la sociedad, mediante pago por el demandante de la mitad de su valor, con abono, a cuya mitad adelantaría Vías los semanales; que con el producto de los cosechos se le satisfaría a Vías lo que se le adeudara, dividiéndose el resto líquido de por mitad; que Busó Cabrera sería el administrador con el sueldo mensual que convinieran; que Vías redactaría la minuta para el contrato público de sociedad; que los $165 que entregó Vías y reclama, lo fueron a cuenta del precio de su mitad; que la

finca de Valdejuli fué comprada por la sociedad por acuerdo de ambos socios y no pertenece particularmente al demandante; que Vías sólo facilitó una mínima cantidad para los cultivos y cuando cesó de darlos, por carecer de fondos, indicó a Busó Cabrera que tomase una gruesa suma de dinero prestado a Da. Cecilia Pérez y a Da. Natividad Rosado, que fué empleada toda en el cultivo, la que luego tuvo Busó Cabrera que pagar de su bolsillo particular porque Vías no la pagó; que sólo es Vías quien ha terminado la sociedad, pero no está disuelta; que cuando en la liquidación de la Sucesión Pérez se adjudicó a Busó Cabrera la finca aportada a la sociedad, lo fué con su conocimiento y sin su protesta; y que el dinero suministrado por Vías se invirtió en el cultivo de ambas fincas, extendido a más del algodón, a otros frutos, como cocos y chinas y quedó mejorada, no la finca aportada por la Sucesión, sino la adquirida de Valdejuli.

Con esas alegaciones se celebró el juicio en este caso, dictándose por la corte inferior sentencia en 16 de agosto de 1910, registrada el mismo día, declarando que los hechos y la ley están a favor del demandante y en contra de los demandados como componentes de la Sucesión de Isabel Pérez y además contra Francisco Busó Cabrera, declarado en rebeldía, contra quien también se dictó sentencia, ordenando que los demandados paguen a Juan Vías Ochoteco la suma de $1,522.61, de principal, la de $235.91 de intereses, e intereses de la primera de estas sumas desde el 23 de abril de 1908 hasta su total solvendo y las costas causadas.

Apelada en tiempo y forma esta sentencia por todos los demandados se presentó la transcripción de los autos, una exposición del caso y un alegato de errores, habiendo también informado oralmente las partes, haciéndolo el demandante personalmente y los demandados, por su abogado.

Antes de exponer los hechos que resultan de las pruebas, trataremos y resolveremos los motivos de error basados en las alegaciones.

Se alega que la corte inferior infringió el párrafo 6 del

artículo 93, y el artículo 96 del Código de Enjuiciamiento Civil al declarar que no procedía la contestación jurada del demandado Francisco Busó Cabrera, como heredero y único componente de la sucesión de su hijo Oscar Pablo Busó Pérez, y que se tuviera por no presentada, fundándose la corte para ello, en que dicho demandado había sido declarado rebelde por la Corte Suprema para todos los efectos legales de este pleito.

El primer artículo que se cita como infringido determina la manera cómo se han de hacer las citaciones de los demandados, estableciendo el caso sexto la regla general, esto es, que se haga en la persona del demandado, y refiriéndose los cinco casos anteriores a la forma de llevarla a cabo cuando se trata de corporaciones del país o extranjeras, de menores de catorce años, dementes, o del Gobierno de Puerto Rico o de algún municipio.

Por su parte el artículo 98 dice:

"Desde la entrega de la citación y de la copia de la demanda en un pleito civil en los casos en que se requiera la entrega de una copia de la demanda, o desde que hubiera expirado el término de la publicación, cuando se ordenara la citación por publicación, se considerará que la corte ha adquirido jurisdicción sobre las partes y que ha quedado sometido a dicha corte todo procedimiento subsiguiente. La comparecencia voluntaria de un demandado es equivalente a la diligencia de su citación personal y entrega de la copia de la demanda."

Leyes de 1904, página 199.

Sostiene el apelante Busó Cabrera, que no habiendo sido citado él como heredero de su hijo Oscar, no puede declarársele comprendido en la anotación de rebeldía, porque bajo ese aspecto, ni la corte de distrito ni esta Corte Suprema han adquirido jurisdicción sobre su persona, sino cuando en ese concepto archivó su contestación jurada.

Dicho demandado fué citado personalmente y con entrega de copia de la demanda, según el emplazamiento, que es todo lo que requiere la ley para que se considere que la corte ha adquirido jurisdicción sobre su persona y el hecho de haber

:ido demandado en distintos conceptos, no exige que por cada uno de ellos se le tenga que hacer una citación, por cuyo motivo su rebeldía estuvo bien anotada y la corte de distrito y esta Corte Suprema han adquirido jurisdicción sobre su persona, y fué bien desestimada su contestación, presentada después de la anotación de rebeldía.

Por otra parte, esta Corte Suprema ya resolvió en 4 de diciembre de 1909 que la rebeldía anotada en este pleito contra Busó Cabrera no estaba viciada de nulidad y que debía sostenerse, por lo que ha de entenderse que es rebelde para todos los efectos del pleito, pues de no ser así hubiera hecho la distinción que pretende el apelante.

El segundo error alegado es, por haber desestimado la primera de las excepciones de los demandados Busó Pérez, de que la demanda no aducía hechos bastantes para determinar una causa de acción.

Esta alegación la sostienen en la siguiente forma:

(*a*) Porque según la demanda, se trata de una sociedad por tiempo indeterminado a la que se aportó el derecho real de usufructo, que debió constar en documento público, y no existiendo éste no pueden las partes hacer efectivas entre sí las obligaciones provenientes del mismo, sin antes otorgar el documento.

(*b*) Porque apareciendo de la demanda, que se trata de una sociedad en cierto modo civil y en cierto modo mercantil, y bajo ambos aspectos con carácter colectivo, es nula de todos modos, pues civilmente aparece hecha con menores de edad representados por su padre y mercantilmente considerada, están excluídos del comercio los menores de 21 años.

(*c*) Porque si los menores pueden hacer sociedades civiles, sería nula porque los menores fueron representados por su padre teniendo intereses encontrados con ellos.

(*d*) Porque el padre no podía aportar a la sociedad el derecho real de usufructo de sus hijos sin autorización judicial, que no tenía.

(*e*) Porque la demanda dice que según los libros, se de-

bían al demandante $5,471.62 de los que Busó Cabrera reconoció adeudar $1,207.61, pero no dice, siendo necesario, que se practicara la liquidación de la sociedad con todos los socios, si hubo pérdidas, ni si repartidas entre los socios resultó acreedor el demandante contra los otros socios por los $5,471.62.

La mayor parte de los fundamentos de tal excepción están basados en el supuesto erróneo de que el padre, sin autorización judicial, aportó a la sociedad Vías & Busó, un derecho real de usufructo perteneciente a sus menores hijos.

De la demanda no aparece tal cosa, sino que la Sucesión Pérez, representada por Busó Cabrera, y el demandante, aportaron cada uno, una finca a la sociedad que formaron, conservando cada uno su propiedad y con el único fin de cultivar el algodón y repartirse los beneficios que obtuvieren, después de deducir el dinero que tenía Vías la obligación de suministrar.

A la sociedad no se aportaba por la Sucesión de Isabel Pérez ningún derecho real de usufructo que tuvieran sobre bienes de otra persona, ni bienes inmuebles, y por tanto, no necesitaba alegar la demanda que se había otorgado escritura pública de la constitución de la sociedad, que sólo exige el artículo 1569 del Código Civil, cuando algunos de los socios aporta a ella bienes inmuebles o derechos reales. Lo que se aportó fué el producto de fincas propias y no la propiedad ni el derecho de usufructo que se tuviera de finca ajena.

Pero aunque hubiera sido necesaria la escritura pública, sería indispensable para reclamar contra terceros y no para reclamaciones entre los mismos socios, pues para estos el contrato produce todos sus efectos legales, aunque carezca de ese requisito de forma. (Sentencia del Tribunal Supremo de España de 3 de mayo de 1897; 4 de julio, 1899; 1 de julio y 19 de octubre de 1901.)

La redacción de la demanda demuestra la constitución de una sociedad civil particular de ganancias, porque tenía por fin repartirse los beneficios que determinadas fincas pudieron

producir, y no hay hecho alguno en ella que dé a comprender que tenía por objeto dedicarse a operaciones de comercio.

La disposición del artículo 4 del Código de Comercio que exige 21 años para dedicarse al comercio, no es aplicable a las sociedades civiles, por más que éstas adopten o revistan alguna de las formas que el Código de Comercio reconoce, porque según el artículo 1572 del Código Civil revisado, en tales casos esas disposiciones son aplicables en cuanto no se opongan al Código Civil. No existiendo, pues en este último Código precepto alguno que impida a los menores de edad, representados debidamente, formar parte de sociedades civiles, no puede aplicarse el artículo 4 del Código de Comercio, porque impediría el ejercicio de un derecho que permite el Código Civil.

La demanda no necesitaba alegar que los menores estuvieron representados en el contrato de sociedad por un defensor, porque esto no era necesario y sólo se exige cuando el padre tenga intereses opuestos a los de sus hijos. Los intereses del padre y de los hijos no eran opuestos porque el fin que perseguían era hacer productiva una finca perteneciente a ellos, que era un fin común, igual y no contrario.

Y tampoco era preciso alegar autorización judicial para celebrar ese contrato porque no se trataba de enajenar o gravar bienes inmuebles, únicos casos en que el artículo 229 del Código Civil exige esa autorización.

Por último la demanda alega que el socio Busó Cabrera, que es al mismo tiempo representante legal de sus menores hijos, ha reconocido deber al demandante según liquidación practicada por él, la cantidad de $1,207.61 que es reclamada en unión de otras partidas más. Con esta alegación hay causa de acción contra Busó Cabrera y contra todos los demandados menores de edad, porque estando éstos representados en esa sociedad por su padre, el reconocimiento de deuda hecho por él, cuyo carácter en la sociedad era por sí y en representación de sus hijos, lo es también por aquellos a quienes legal-

mente representa, pues la falta de capacidad de éstos está suplida por la del padre.

Además, para hacer ese reconocimiento de deuda no necesitaba el padre de autorización judicial, porque es el resultado de una liquidación de sociedad practicada por él, por sí y por sus menores hijos, en cuyo caso no necesitaba la aprobación de acuerdo con el artículo 1027 del Código Civil, que es aplicable a la liquidación de sociedades civiles según el artículo 1610 del propio texto legal.

En resumen, pues, la primera excepción opuesta a la demanda fué propiamente desestimada.

El tercer error se funda en haber desestimado la excepción de ambigüedad, basada, en que por un lado dice la parte demandante que la sociedad le adeuda $5,471.63, que en otra demanda desistida reclamó $1,772.61 y por la presente sólo $1,522.61, lo que hace dudar a los demandados de si hubo una verdadera y justa liquidación.

No resulta ambigüedad alguna en la demanda, ya que ella misma explica que los libros de cuenta arrojan un saldo a favor del demandante de $5,471.63, de los cuales sólo ha reconocido Busó Cabrera deber $1,207.61 que son los que reclama, unidos a dos partidas que la hacen ascender a $1,522.61; y si bien en demanda anterior reclamó $1,772.61, ha disminuído en la presente demanda su reclamación para facilitarla. Esto no necesita más consideración.

Para tratar los otros errores alegados necesitamos previamente examinar el resultado de la prueba presentada en el juicio, las que arrojan el siguiente resultado:

En enero de 1903 Don Juan Vías Ochoteco, por su propio derecho, y Don Francisco Busó Cabrera, por sí y representando a la Sucesión de su difunta esposa Da. Isabel Pérez Sánchez, compuesta por él como viudo y de sus hijos Francisco, Poncio y Julio Busó Pérez y además el Sr. Busó Cabrera, como heredero de su finado hijo Oscar Pablo Busó Pérez, celebraron un contrato verbal para la siembra y cultivo del algo-.

dón en una finca radicada en la Playa de Humacao, propiedad de dicha sucesión.

Las condiciones de ese convenio fueron que el demandante Vías Ochoteco suministraría el dinero para el gasto de los semanales que el cultivo en esa finca ocasionara, a reserva de reintegrarse de sus anticipos al finalizar cada cosecha y que practicada una tasación de la finca, pagando el Sr. Vías Ochoteco la mitad de la misma, la finca pasaría a ser de la propiedad de la sociedad, Vías y Busó, que fué la razón que adoptaron.

Como consecuencia de ese convenio, y estando la finca hipotecada al Banco Territorial y Agrícola, para pagar uno de los plazos, vencido entonces, Vías Ochoteco entregó a Busó Cabrera $165, cantidad que unida a otra igual perteneciente a la Sucesión Pérez, sirvió para satisfacer ese compromiso.

Poco tiempo después acordaron las partes, para dar mayor extensión al negocio, que la sociedad explotara y tuviese dos fincas, la de la Sucesión Pérez y otra igual y colindante que pertenecía a Don Sandalio Valdejuli, de quien la adquirió Vías Ochoteco por escritura pública de 3 de febrero del mismo año, pagando de contado la mitad del precio y constituyendo hipoteca por el resto, que al año siguiente también satisfizo el demandante.

En esa modificación del contrato, se convino que cada parte conservaría la propiedad de su respectiva finca, continuando sólo la sociedad en cuanto al cultivo y en las mismas condiciones de antes, respecto a facilitar Vías Ochoteco los jornales.

Los resultados del negocio no correspondieron a las esperanzas que en él habían cifrado los contratantes, y dos años después, en once de septiembre de 1905, escribía Busó Cabrera al demandante, la carta de la que copiamos los siguientes párrafos:

"* * * Con los $2,500, en números redondos, que no quiso papá colocara dandole él la renta, yo habría podido saldar la cuenta que resulte yo deber en la liquidación de Vías & Busó * * *.

"En esas condiciones me es imposible hacer lo que Ud. desea.

Pero si de momento no puedo saldar cuenta con V. estoy dispuesto a garantizarle el saldo que resulte yo deber, para pagarle en fecha que no me obligue a malvender y perder mi trabajo de varios años, con los intereses.   Hasta el sábado último 9 del corriente el debe de las fincas es de $8,970.10 y el haber $3,498.47, de modo que debe la sociedad $5,471.63.   Según las cuentas en los libros de Janer, Ud. entregó en efectivo en distintas fechas, desde enero de 1903 hasta junio, $3,358.66 de los cuales dispuso de $295.24, quedando una diferencia de $3,063.42 invertidos en el negocio de algodon, a lo que hay que añadir $880 de bueyes que compró a Sáez; de modo que salvo alguna omisión o error involuntario, Ud. desembolsó $3,943.42 para el negocio de algodón.   Siendo lo que debe la sociedad $5,471.63, yo he pagado $1,528.21 y debería para cubrir el 50%, $1,207.61.   Si Ud. no puede o no quiere venir a ver el libro, yo se lo enviaré para que Ud. examine y rectifique las operaciones, y si Ud. no quiere continuar la sociedad, la podemos disolver y le garantizaré el pago.   Suyo affmo., Franco. Busó Cabrera.''

De la contestación dada por el demandante al siguiente día a esa carta, transcribimos estos párrafos:

''Así pues, acepto la proposición que Ud. me hace y procederemos a liquidar las cuentas finales de nuestra sociedad, para determinar la cantidad que debe ser garantizada según lo propuesto por Ud.   *   *   *.

''Respecto a la liquidación que Ud. formula en su carta, tengo alguna duda que sólo podría resolver, si como Ud. me promete, se sirve enviarme el libro de cuentas, para ser examinado por mí.   Las dudas que tengo, nacen en mi sentir, y según Ud. mismo expresa, de que sólo ha tenido en cuenta las cantidades invertidas por mí en la finca, por conducto de la casa comercial de Don José S. Janer, siendo así que, en algunos semanales fué necesario, por falta de fondos suficientes en la ameritada casa de comercio, que yo completase las cantidades a invertir en el negocio de algodón, con fondos existentes en mi propia casa.   Además Ud. debe recordar que por conducto de Don Pedro Aldrey remesé una vez desde la capital 200 dollars en efectivo, y esa suma fué entregada a Ud. directamente, sin intervención, que yo sepa, del Sr. Janer.   Por otra parte, Ud. recordará también, que yo contribuí también al pago de un vencimiento de su hipoteca sobre la finca de la Playa, cuando pensábamos hacer otro negocio, adquiriendo yo la mitad de su propiedad y más luego resolví comprar la finca de Valdejuli, razón por la que el pago hecho por mí, que si mal

no recuerdo montaba a 165 pesos, contando los intereses, debe serme
abonado en su totalidad en la liquidación de cuentas que practiquemos.
Yo no dudo que previas las declaraciones que mutuamente debemos
hacernos, llegaremos a una inteligencia, desvaneciendo los errores en
que se haya podido incurrir.   Para llegar a este resultado, yo le
suplico que tenga la bondad de enviarme, a la brevedad posible, sus
libros de cuentas, a fin de tener una base para poder orientarme.
Respecto a la disolución de nuestra sociedad, yo no tengo inconveniente
en darla por terminada   *   *   *   le ruego que le diga a Luis que
pase por aquí a fín de que hable conmigo respecto a la situación de mi
finca, y resuelva, de acuerdo conmigo, si ha de continuar o nó al frente
de mi propiedad.''

Esta importante carta fué contestada de la siguiente ma-
nera:

''Punta de Santiago, 13 de septiembre, 1905.   Sr. Don Juan F.
Vías, Humacao.   Mi distinguido amigo: Recibí esta mañana su carta
de ayer, e inmediatamente recogí todas las listas semanales y avisé
a Luis Ferrer para que a mediodía vaya a verse con Ud. llevándole el
libro y las listas.   Indiquele en mi anterior la liquidación de la socie-
dad porque comprendí el deseo de Ud. y aunque es mala ocasión puesto
que de ahora en adelante los productos han de cubrir gastos, pagarán
interés del dinero y en no largo plazo permitirán amortizar lo in-
vertido, deseándolo Ud., yo no debo oponerme.   La remesa de $200
por conducto de Don Pedro de Aldrey no la recuerdo, pues me basta
con lo que Ud. dice para quedar convencido de, sea entregándole ya
a Janer, sea haciendo yo directamente los pagos, fueron invertidos
en la finca.   Creo que está en error respecto a los $165 que se dice
pagó para adquirir la mitad de mi finca en esta playa.   Los plazos
que yo tenía que pagar eran de $300; sin embargo, tal vez sea yo el
equivocado, y si Ud. me indica en qué fecha hizo el pago, yo podría
buscar en mis cuentas y encontrar algún asiento que diera luz sobre
esa cantidad que es cuenta mía particular y nada tiene que ver con
el negocio de algodón.   Los bueyes, la romana y arados es claro que
deben tasarse.   Los bueyes me harán falta y si hubiese modo de ad-
quirirlos me convendría comprarlos.   ¿No cree Ud. que deba abo-
nárseme algo por el deterioro de los carros de los cuales queda uno
ahora, habiéndose realizado las ruedas del otro en diez y ocho pesos?
Lo mismo me da deberle a Ud. que a otra persona, así es que, si no
es posible hacer una operación con el Sr. Valdés, con Mr. Hord o
con la Cincinatti, de modo que no grave mi situación y tenga que

perder la finca, única esperanza que me queda para el porvenir, lo
haré gustoso para complacer a Ud. que tiene grandes derechos a mi
gratitud.   Hoy mis recursos son muy escasos y no sé cómo podría
pagar hoy intereses; pero si encuentro modo de colocarme, y ganar
con qué pagar intereses todo se solucionará.   Lleva Luis encargo de
preguntarle lo que quiere Ud. hacer con los cocos que hay amontona-
dos, es decir si quiere Ud. que se embarquen junto con los míos o nó.
Crea Ud. que a mí me duele mucho la inversión loca que se ha dado
al pagaré de 5,000 dollars, pero la actitud de papá me obligó y no
me detuve a calcular lo que perdía.   Suyo affo., (Firmado) Francisco
Busó Cabrera.''

Aunque los demandados sostienen en su contestación, y
Busó Cabrera declaró que la finca comprada a Valdejuli, por
más que aparezca a nombre del demandante, fué comprada
por y para la sociedad, sin embargo estas cartas no dejan du-
da de que fué comprada por Vías para sí, pues de otro modo,
Busó Cabrera hubiera contestado de otra manera la carta en
que Vías trata esa finca como suya y no de la sociedad, y no
hubiera consentido que al disolverse ésta, la poseyera él sólo,
ni tampoco después de esto hubiera él mismo arreglado la lí-
nea colindante entre esa y la de la sucesión, como lo hizo se-
gún prueba en el juicio.

Quedó justificado por el testigo Bartolomé Villegas que
al disolverse la Sociedad, Busó Cabrera arrancó de la finca de
Vías unas cien palmas de coco que trasplantó a su finca, con
un valor de peso a peso y medio; y por otras pruebas, que,
durante el período de la sociedad, atravesaba el Sr. Busó Ca
brera una situación económica bastante angustiosa y que el
mismo día que tomaba en préstamo, dinero a Da. Natividad
Rosado, pagaba una hipoteca del Banco Territorial.

Ahora podemos continuar examinando los errores atribui-
dos a la sentencia.

Durante el curso del juicio se admitió como prueba del de-
mandante la declaración por deposición del gerente del Banco
Territorial y Agrícola, referente a negocios y corresponden-
cia de Busó Cabrera con dicho Banco, desde 1901 a 1904, y se

alega que esto fué error por no ser pertinente a la cuestión debatida.

Esa declaración tenía por objeto demostrar que no era cierto lo alegado en la contestación jurada, de que la suma tomada a préstamo por Busó Cabrera a Da. Natividad Rosado, había sido invertida en los cultivos de la sociedad y era por tanto pertinente y admisible.

Tampoco cometió error la corte al admitir las cuentas escritas por el Señor Janer con vista de sus libros comerciales, porque habiéndose demostrado su autenticidad y que por haber dejado de ser comerciante desde hacía muchos años, había destruído los libros de donde las tomó; desaparecida la prueba primaria, era admisible la secundaria.

Ni cometió error al negar la admisión propuesta por los demandados del pleito anterior desistido del Vías, porque se trataba de probar que ''el Sr. Vías Ochoteco había en él reclamado por saldo de la misma cuenta objeto del presente litigio, la suma de 1,772 pesos 71 centavos'' siendo éste un hecho que está reconocido en la demanda, por lo que resulta innecesario probarlo.

Las otras cuestiones que trata el alegato de los apelantes, no están designadas como errores cometidos por la corte con cita de ley infringida, como exige la regla 42 de nuestro Reglamento, por lo que podríamos prescindir de tratarlas y son más bien consideraciones de derecho sobre la constitución de la sociedad, el alcance que pueda tener la carta de Busó Cabrera y si la sociedad de los litigantes está liquidada o nó.

Es indudable que la sociedad fué formada por la Sucesión de Isabel Pérez y por el demandante; pero como antes hemos dicho, Don Francisco Busó Cabrera era el representante único legal de dicha Sucesión y el reconocimiento de deuda que hizo como resultado de la liquidación que él practicó, perjudica a todos los miembros por él representados.

Y que su carta de 11 de septiembre de 1905 contenía la liquidación de los negocios de la sociedad, por él practicada, no cabe dudarlo, desde el momento en que él, que lleva la admi-

nistración de las fincas y el único libro de la social, reconoce deber los 1,207 pesos 61 centavos. Para el demandante podría no ser una verdadera liquidación, por entender que se le debe más dinero; pero el hecho de que él renuncie al exceso para aceptar como bueno lo hecho y reconocido por el representante de los demandados, no es motivo para que la liquidación practicada por Busó Cabrera pierda ese carácter.

La liquidación practicada por un socio y aceptada por el otro es la liquidación de ambos.

Por consiguiente, habiendo estado facultado Busó Cabrera para practicarla, según ya digimos, y reconocer el saldo en contra que aparece de su citada carta, el demandante tiene derecho a recobrar las cantidades que le concede la sentencia, la que no encontramos motivo para revocar y debe ser confirmada en todas sus partes.      *Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado del Toro.

Los Jueces Asociados Sres. MacLeary y Wolf, no tomaron parte en la resolución de este caso.