Morales Rodríguez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Don Juan A. Soto demandó a doña Sonia Acevedo Rivera y a don José R. Pérez Labiosa en cobro de dinero. Alegó:

“Que allá para aproximadamente el mes de marzo de 2001 le prestó a la parte demandada la suma principal de $98,000.00 más intereses a razón de $1,200.00 mensuales, debiendo intereses de los meses marzo del 2001 a septiembre del 2001 y de marzo de 2003 a enero del 2005, para la compra de una cartera de seguros a la Sra. Ada de la Cruz.

Que la parte demandante le ha hecho reclamos a la parte demandada para el pago de la suma adeudada, sin que hasta el presente ésta haya efectuado el pago ni total ni parcialmente (...).

Que la suma adeudada en enero de 2005 es de $134,000.00 incluyendo principal e intereses. Estando vencida la referida deuda siendo líquida y exigible. ”

Aunque la demanda alude “a la parte demandada”, don Juan sólo emplazó a doña Sonia. Aún así, la demanda fue contestada por el licenciado Ángel M. Font López en representación de “los demandados de epígrafe”. El abogado en dicha representación alegó:

“Que la demandada no tomó dinero a préstamo a la parte demandante.

*1017
Que la parte demandante y la demandada compraron en calidad de Socios una Cartera de Seguros.

Que al demandante se la han dado 18pagos de $1,200.00por concepto de su participación en la sociedad.

Que la parte demandante estuvo de acuerdo en salirse de la sociedad de la compra de la Cartera de Seguros.

Que la parte que le corresponde de la sociedad al demandante es de $58,400.00 a lo que está dispuesto a devolverle la parte demandada.

Que se acepta se dicte sentencia en el presente caso por la cantidad de $58,400.00 que es la parte que le corresponde a la parte demandante. ” (Énfasis nuestro)
En vista de esa propuesta, don Juan solicitó al Tribunal de Primera Instancia que dictara sentencia de conformidad con las alegaciones de “laparte demandada”. Pidió que le condenara al pago de los $58,400, más la imposición del pago de intereses, gastos y honorarios de abogado. El Tribunal le concedió término de 10 días a “laparte demandada” para mostrar causa por lo cual no debía conceder el remedio solicitado. Ésta no reaccionó. El foro procedió a dictar sentencia por las alegaciones. Resolvió:

“[Ljuego de examinar las alegaciones y los documentos que obran en los autos, se resuelve que los codemandados Sonia Acevedo Rivera y José R. Pérez Labiosa adeudan al demandante Juan A. Soto la cantidad de $58,400.00, cuya deuda está vencida, es líquida y exigible, y los condena al pago de la misma junto a los intereses de ley a ser computados desde la fecha en que se presentó la demanda, hasta su total y completa satisfacción. También condena a los demandados al pago de una suma de $8,760.00 por concepto de honorarios de abogado, más el pago de los gastos y costas del procedimiento. ”

La sentencia fue notificada el 21 de diciembre de 2005. El 7 de febrero de 2006, don Juan pidió al Tribunal que la ejecutara. El 9 de febrero de 2006, doña Sonia se opuso. Alegó que existía una sociedad para cuya disolución era preciso seguir las reglas aplicables al contrato de sociedad. Añadió que, a pesar de que en la contestación a la demanda aceptó la deuda, la ejecución de la sentencia no puede implantarse en cuanto a ella porque en este caso no aplican las normas de solidaridad. Según su teoría, al fijar la responsabilidad correspondiente dentro de la sociedad, su ex esposo y codemandado José R. Pérez Labiosa, no ella, era el responsable ante el demandante. La moción en cuestión fue presentada por doña Sonia representada, esta vez, por el Ledo. Antonio J. Cabrero Muñiz.
El día anterior, el 8 de febrero de 2006, el Ledo. Angel M. Font López, quien había representado “a la parte demandada” hasta ese entonces, compareció para pedir, en síntesis, que se dictara sentencia enmendada nunc pro tune. Pidió que se eximiera de responsabilidad al codemandado don José Pérez debido a: (1) que él nunca fue su abogado, y (2) que dicho codemandado nunca había sido emplazado ni traído al pleito. Alegó:
“Que hemos recibido copia de la moción sobre señalamiento de Bienes para embargo, radicada por la parte demandante y en su inciso a cuarto 4 (sic) donde dice “Dinero depositado a nombre de Sonia Acevedo Rivera y José R. Pérez Labiosa. (...)

Que el abogado que suscribe nunca ha sido representante legal del codemandado José R. Pérez Labiosa.

Que el co-demandado nunca fue emplazado y/o traído al pleito.

Que en la sentencia se incluye al Sr. José R. Pérez Labiosa y el suscribiente no ha sido, ni soy abogado del Sr. Pérez Labiosa.

*1018
Que le consta a la representation legal del demandante, Ledo. Arturo González Martín, que todas las gestiones que hizo este abogado fue en representación de la demandada Sonia Acevedo Rivera, nunca hicimos representación alguna a nombre del co-demandado José R. Pérez Labiosa.

Que le notificamos a este Honorable Tribunal proceda a enmendar la sentencia nunc pro tune, ya que el co-demandado José R. Pérez Labiosa no fue emplazado y el suscribiente nunca ha sido abogado del mismo. ” (Énfasis nuestro)
Posteriormente, don José Pérez compareció representado por el licenciado Oscar Acarón Montalvo. Pidió relevo de la sentencia en virtud de la Regla 49.2 (4) de Procedimiento Civil, 32 L.P.R.A., Ap. III, R. 49.2. Alegó que nunca fue emplazado; que el Tribunal no tuvo ni tiene jurisdicción sobre su persona. Lo hizo sin someterse a la jurisdicción del Tribunal. Sostuvo que el licenciado Font López nunca fue su abogado y que él nunca fue socio de la codemandada Sonia Acevedo Rivera. Don Juan Soto se opuso a la moción en sus méritos. Alegó:

“1. Allá para 20 de enero de 2005 se radicó la demanda en el presente pleito, donde se alegó que los demandados le adeudaban una suma de dinero al demandante Juan A. Soto.

2. Que la parte demandante emplazó a la demandada Sonia Acevedo Rivera.

3. Que a partir del emplazamiento, las partes comenzaron un procedimiento de negociaciones para tratar de buscar un acuerdo a la reclamación del demandante.

4. Que en todas las reuniones sostenidas, comparecieron Sonia Acevedo Rivera, José R. Pérez Labiosa en compañía del Ledo. Angel M. Font López. De hecho, la coordinación de las reuniones en la mayoría de los casos, sino en todas, se realizó a través del Sr. José R. Pérez Labiosa.

5. Que luego de las partes acordar la suma adeudada, en esto participaron todas las partes, demandante y demandados, junto al abogado que suscribe y al Ledo. Font López, se empezaron a delinear cómo se pagaría la deuda. En la última conversación sostenida, la demandada Sonia Acevedo Rivera se comprometió a remitir a la parte demandante un desglose de unas pólizas de seguros que están bajo el nombre de José R. Pérez Labiosa, quien es la persona con licencia para ello, ya que Sonia Acevedo Rivera no tiene licencia de seguros para estos propósitos, estando todo el tiempo el Sr. José R. Pérez labiosa en acuerdo con que se le vendiera al demandante la mencionada cartera de pólizas y del valor de las pólizas deducir la suma adeudada al demandante.

6. La demandada nunca cumplió su compromiso ni ningún otro compromiso a que las partes llegaran para transar la reclamación y evitar llegar ajuicio.

7. Ante los continuos incumplimientos de la parte demandada con el demandante, la parte demandante dio por terminado todo esfuerzo por resolver el asunto y así se le informó al Ledo. Font López, mediante escrito el 25 de agosto de 2005. Le indicamos al compañero que continuaríamos con el procedimiento.

8. Que en motivo de nuestro comunicado, el 30 de agosto, los demandados, ambos Sonia Acevedo Rivera y José R. Pérez Labiosa radicaron documento titulado contestación a la demanda. En dicho escrito, en el párrafo 5, los demandados aceptaron adeudar al demandante la suma de $58,400.00, suma que fue la que las partes, habían, mediante las reuniones sostenidas, acordado.

9. Que en su párrafo 6, los demandados aceptaron que se dictara sentencia en el caso por la suma de $58,400.00.

*1019
10. Que la parte demandante solicitó de este Honorable Tribunal se dictase Sentencia a tenor con las alegaciones. El Honorable Tribunal concedió a la parte demandada un término para que los demandados se expresasen y no empece al término concedido los demandados no tomaron acción sobre la orden.

11. Que así las cosas, este Honorable Tribunal dictó Sentencia el 2 de diciembre de 2005, siendo notificada a las partes el 21 de diciembre de 2005.

12. Que los demandados no tomaron ninguna acción sobre la Sentencia dictada la cual advino final y firme. Más aún, al día de hoy, los demandados no han interpuesto procedimiento en Ley contra la Sentencia dictada.

13. Siendo la presente demanda final y firme desde el 20 de enero de 2006, el demandante, al no recibir pago por la Sentencia, radicó moción de ejecución de Sentencia.

14. Para el 8 de febrero de 2006 comparece la demandada Sonia Acevedo Rivera, solicitando que se declare no ha lugar la ejecución de sentencia, levantando defensas que correspondía levantar en el procedimiento llevado a cabo, las cuales no levantaron y renunciaron, aun de ser ciertas. Que en ningún lugar, la demandada Sonia Acevedo reconoció la responsabilidad del pago con el patrimonio social.

15. Que ni en la demanda ni en la contestación a la demanda se arguye la existencia de una sociedad, ni de contrato de sociedad.

16. Que aquí no existe un contrato de sociedad, y dar paso a las alegaciones tardías de la demandada Sonia Acevedo, sería permitir un ataque colateral a una Sentencia que es final y firme.

17. Que la parte demandante aún no ha embargado propiedad alguna y lo único que ha hecho es solicitar Orden de embargo, para embargar cuantos bienes sea necesario para cobrar su acreencia. Toda Alegación sobre cobranza en exceso, es prematura.

18. Que la parte demandada Sonia Acevedo Rivera en su escrito acepta que accedió al pago mediante entrega de la porción de las pólizas hasta el valor de lo adeudado, cosa que no ha hecho, lo que motivó la solicitud de ejecución de sentencia.

19. Que mediante escrito de 8 de febrero de 2006, comparece la demandada Sonia Acevedo Rivera, por conducto del Ledo. Font López, en clara representación de los intereses del Sr. Pérez Labiosa. En cuanto a si el Ledo. Font López lo representaba o no, lo que podemos expresar es que hasta la última reunión que sostuvimos las partes, el Ledo. Font López expresó representar a la Sra. Acevedo Rivera. Posterior a ello, no puedo dar fe de cómo se hizo la representación legal, si la hubo o no. Lo cierto es que en la contestación comparecieron los demandados, ambos. El escrito solicitando sentencia nunc pro tune es una defensa a nombre del demandado Pérez Labiosa, quien de no estar representado, está notificado y tiene conocimiento de la Sentencia dictada y nada ha hecho. ” (Enfasis nuestro)
El Tribunal de Primera Instancia señaló una vista argumentativa para discutir las alegaciones de las partes. Luego dictaminó:

“Hemos evaluado los escritos de las partes, así como sus argumentaciones orales, y resolvemos no ha lugar las mociones presentadas por los codemandados. Para llegar a nuestra conclusión, hemos leído con cuidado la contestación a la demanda y hemos llegado al convencimiento de que en todo momento el abogado que comparece en representación de los codemandados Sonia Acevedo Rivera y José R. Pérez Labiosa, se refiere a ellos como la parte demandada, sin hacer excepción de ninguno de los dos. De hecho, al contestar la demanda, no hizo reserva de que el codemandado José R. Pérez Labiosa no hubiese sido emplazado, más bien, reiteramos, 
*1020
lo sometió a la jurisdicción del tribunal al contestar la demanda en representación de la parte demandada. Asimismo, ante la moción del demandante para que se dictara sentencia por las alegaciones, no hubo reacción a pesar de que el demandante le notificó copia de su moción.

Nos levanta sospecha la moción de 8 de febrero de 2006 en la que el licenciado Font López pide que se enmiende la sentencia para eliminar o proteger de sus efectos al codemandado José R. Pérez Labiosa. Nos llama la atención el hecho de que el contenido de esa moción no parece ser la de un abogado extraño, sino más bien lo que hubiese planteado particularmente cuando el contenido es más propio de un representante legal en propiedad y no un antagonista. Desconocemos en qué basa su afirmación de que nunca representó al codemandado José R. Pérez Labiosa, pero aun cuando eso fuese cierto, lo que repetimos, no nos convence, ciertamente desplegó un desempeño muy pobre y perjudicial para sus clientes.

Resolvemos además no ha lugar la alegación de que el efecto de la sentencia no es de naturaleza solidaria. En este contexto, tampoco creemos que se dan las circunstancias que contempla la Regla 49 para que se releve a una parte de la efectividad de una sentencia.

Conforme lo anterior, se declaran no ha lugar las mociones presentadas por los codemandados y se deja sin efecto la orden que paralizó la ejecución de la sentencia. ” (Énfasis nuestro)
Doña Sonia pidió reconsideración. Alegó, esta vez, lo siguiente:

“A medida que fuimos evaluando la situación, pudimos notar la existencia de hechos que demuestran que se está cometiendo una grave injusticia contra Sonia Acevedo al responsabilizarla del pago de la Sentencia y que ha existido contubernio entre el demandante y el codemandado Pérez Labiosa dejándola en estado de indefensión, privándola de su único medio de vida, a saber:

a. El negocio de compra de cartera de seguro fue ideado por Pérez Labiosa para sustituir su obligación, según sentencia de divorcio, de emplear y compensar a su ex esposa Sonia Acevedo. De esta manera llevó a Sonia de San Sebastián a San Juan donde se abrió oficina para el manejo de la cartera por ella, convirtiéndose en su medio de vida.

b. Pérez Labiosa compró la cartera con el dinero de Sonia quedando responsable éste del pago de la mitad restante. En vez de pagar, y en contra del sentir de Sonia, realizó negocio con el demandante, el cual culminó en la demanda de este caso. Sonia, y entiendo que el abogado original de los demandados se han dejado llevar por la persona que ha dirigido el asunto, o sea, Pérez Labiosa.

c. En su demanda, el demandante indica que existe un préstamo y la contestación habla de acuerdo de sociedad. Sólo Pérez Labiosa y el demandante pueden aclarar la inconsistencia, ya que sólo ellos saben lo que negociaron. Esto tiene que ser aclarado para determinar la suma cierta por la que podría responder cada demandado, ya que las diversas posibilidades de tipo de acuerdo tiene consecuencias distintas respecto a Sonia. De ser un préstamo, el único responsable ante el demandante sería Pérez Labiosa, quien adeudaba su parte del pago de la cartera. De ser un acuerdo de sociedad, debemos evaluar su legalidad y distribuir responsabilidades bajo las normas del contrato de sociedad.

d. El demandante y Pérez Labiosa son amigos del campo de los seguros. El demandante incluye a Pérez Labiosa en la demanda y no lo emplaza. A pesar de que tiene sentencia mancomunada contra ambos, pretende cobrar la totalidad de Sonia Acevedo.

e. El demandante ha pretendido privar a Sonia Acevedo de la cartera de seguros que constituye su medio de vida por valor menor de lo pagado, a pesar de que no existe reducción en las primas que genera cada póliza y de que está impedido de manejar y poseer las mismas siendo ejecutivo de una de las compañías de seguros 
*1021
envueltas.

Ante lo anterior, entendemos que estos hechos hacen evidente la existencia de contubernio entre el demandante y el codemandado Pérez Labiosa, que se aprovecha de la dependencia y desconocimiento de Sonia Acevedo sobre la verdadera relación entre éstos. Es por ello que en justicia, entendemos meritorio se deje sin efecto la Sentencia y se permita que se vea el caso en sus méritos.

La Resolución deja la puerta abierta además a la posibilidad de que Pérez Labiosa no estuviera representado por el Ledo. -Font. Esto deja abierta la posibilidad de que efectivamente no haya jurisdicción sobre su persona quien es la parte principal en todo este asunto. Es por esto además que entendemos y solicitamos que se deje sin efecto la Sentencia dictada respecto a todas las partes envueltas y se abra la puerta para una solución real y justa de este asunto. ” (Énfasis nuestro)
El Tribunal de Primara Instancia declaró sin lugar la reconsideración. De esa Resolución recurrieron tanto doña Sonia como don José en recursos separados que consolidamos. Alegan que procede el relevo de sentencia. Don José arguye que es nula la sentencia porque él no fue emplazado y no tiene relación alguna con doña Sonia; doña Sonia alega que la sentencia no puede obligarla a ella por no contener una determinación de solidaridad. Insiste, además, en su alegación de contubernio entre don José y don Juan para obtener la Sentencia impugnada en contra de doña Sonia. Don Juan compareció y alega que se trata de ataques colaterales contra una sentencia final y firme.
I
Don José Pérez aduce que no es parte en este litigio porque no fue emplazado. No es necesario citar aquí la abundante jurisprudencia sobre el carácter del emplazamiento. Bástenos poner en perspectiva que: (1) “Es mediante el emplazamiento que se adquiere jurisdicción sobre la persona del demandado. ” Rivera v. Jaume, 157 D.P.R. 562, 575 (2002); y (2) “No es hasta que se diligencia el emplazamiento y se adquiere jurisdicción, que la persona puede ser considerada propiamente parte aunque haya sido nombrada en el epígrafe de la demanda; hasta ese momento sólo es parte nominal.” Acosta v. ABC, Inc., 142 D.P.R. 927, 931 (1997). No obstante, la pauta tiene su excepción. En Vázquez v. López, 160 D.P.R. 714, 721 (2003), el Tribunal Supremo la explicita:
“[U]n demandado renuncia al requisito de la notificación formal cuando se somete voluntariamente a la jurisdicción del Tribunal. Esto lo puede hacer al cumplir voluntariamente con las órdenes del tribunal y, a solicitud de éste, presentar documentos pertinentes dirigidos a dilucidar la reclamación incoada por la parte demandante en su contra. En nuestro ordenamiento procesal, esto se conoce como sumisión voluntaria. En Qume Caribe, Inc. v. Srio. de Hacienda, 153 D.P.R. 700, 711 (2001), expresamos que “[l]a figura de la sumisión consiste en que una parte comparece voluntariamente y realiza algún acto sustancial que la constituya parte en el pleito, sometiéndose así a la jurisdicción del Tribunal. ” Es decir, la comparecencia voluntaria de la parte demandada suple la omisión del emplazamiento y es suficiente bajo las garantías del debido proceso de ley, para que el tribunal adquiera jurisdicción sobre la persona. ” (Énfasis nuestro)
Es grave la falta de emplazamiento de José Pérez en este caso. No se puede despachar livianamente. Pero se alega que hubo sumisión voluntaria. Al respecto, estamos en presencia de dos meras alegaciones. De una parte, don Juan Soto aduce que el licenciado Font no sólo compareció en representación de “laparte demandada”, sino que don José Pérez organizó y asistió a las reuniones —junto a doña Sonia y el licenciado Font— para negociar, fuera del Tribunal, la solución del litigio. Si eso se verificara, conllevaría que la contestación a la demanda que sometió el licenciado Font en representación de “laparte demandada”, fuera el acto sustancial de don José que lo hubiese constituido parte en el pleito. Franco v. Corte, 71 D.P.R. 686, 689 (1950). Pero el licenciado Font, en su moción sobre el asunto, afirmó todo lo contrario: “Que le consta a la representación legal de (sic) Ledo. Arturo González Martín que todas las gestiones que hizo este abogado fue (sic) en representación de la demandada Sonia Acevedo Rivera; nunca hicimos representación alguna a nombre del co-demandado José R. Pérez *1022 Labiosa.” Quedó así trabada la controversia de hechos.
Ninguna de estas versiones sobre los hechos ha sido dirimida tras una vista evidenciaría. La jueza de primera instancia la resolvió después de una vista argumentativa. Expresó que sospechaba de la veracidad de la alegación del licenciado Font. Erró. No podía dirimir la credibilidad sobre la citada contradicción sin escuchar la prueba. Así lo pautó el Tribunal Supremo en Roca v. Thompson, 77 D.P.R. 419, 430 (1954):

"Aunque los tribunales tienen poderes discrecionales para dejar sin efecto sentencias, tal ejercicio de discreción debe basarse en prueba adecuada, y cuando se presenta una contestación responsiva a la moción, que plantee cuestiones o controversias sobre los hechos, sería un error el dejar sin efecto una sentencia exclusivamente a base de la petición de una parte sin celebrar una vista. (...) Si las alegaciones en cuanto a tal moción están en conflicto, es la función del tribunal el considerar y pesar la prueba, y resolver el conflicto.

Es igual el error de no dejar sin efecto la sentencia en cuanto a una parte no emplazada, "sin considerar y pesar la prueba ”.

II
Mientras lo que ya hemos visto no se aclare, en este caso hay, en apariencia, un sólo flujograma procesal. Doña Sonia fue emplazada en este litigio. Contestó la demanda. El abogado que la representó lo subrayó al pedir que se excluyera a don José del pleito. Afirmó que sólo la representó a ella. Si eso fue así, al contestar la demanda, doña Sonia, según fue representada, no alegó entre sus defensas afirmativas que una sociedad que no fue demandada debiera responder por la deuda como parte indispensable. Tampoco alegó que el codemandado José Pérez fuera su socio, o el único miembro que aportara a una sociedad constituida con don Juan; y que fuera don José, y no doña Sonia, el llamado a responder por la deuda; o que hubiera que disolver y distribuir responsabilidades en la sociedad que existiera entre las partes.
Doña Sonia, representada por su abogado, contestó que "la parte demandante y la demandada compraron en calidad de socios una cartera de seguros”. Admitió: "Que se acepta que se dicte sentencia en el presente caso por la cantidad de $58,400 que es la parte que le corresponde a la parte demandante.” El Tribunal dictó sentencia porque ella misma lo propuso. Al hacerlo, el foro no se expresó sobre la responsabilidad de cada uno de los demandados, porque nadie se lo pidió. Doña Sonia no pidió reconsideración ni apeló esa sentencia. Cuando ya advino final y firme, alegó:

“a. Es de conocimiento de la demandante que el presente caso se trata de la disolución de una sociedad dirigida a la compra de una cartera de seguros y mediante el cual la demandada pagó la mitad del valor, o sea, $98,000.00. El codemandado José R. Pérez Labiosa aportó la otra mitad mediante el pago de $18,000.00 y reclutando al demandante como socio quien aportó $78,000.00. Una vez el demandante decidió salir de la sociedad, el negocio comenzó a liquidarle su participación en la misma y le realizó pagos por $21,600.00, quedando pendiente de pago la cantidad de $58,400.00, pagadera por los codemandados con el patrimonio social, independiente de las acciones que esto pudiere generar entre dichos codemandados.

b. Basado en lo anterior, se aceptó en la contestación a la demanda que la sociedad adeuda la cantidad de $58,400.00. Esto de manera alguna puede interpretarse como que existe una responsabilidad de pago solidaria de los integrantes de la sociedad. Véase el Artículo 1589 del Código Civil de Puerto Rico. Tampoco constituye una renuncia al derecho de que se cobre de los haberes de la sociedad, los cuales exceden por mucho lo adeudado.”

Está claro en ese proceso realizado de la forma reseñada, que el licenciado Font, en representación de doña Sonia, propuso en la contestación a la demanda que existía una sociedad entre el demandante y los demandados; que ésta estaba en proceso de liquidación y que faltaba por pagarle $58,400 a don Juan. Don Juan aceptó esa *1023 propuesta. “La liquidación practicada por un socio y aceptada por el otro es la liquidación de ambos. ” Vías v. Sucesión Pérez, 17 D.P.R. 931, 947 (1911). Si es cierto que el licenciado Font representó solamente a doña Sonia, como él afirmó en su más reciente moción, estamos en presencia de una liquidación propuesta y practicada por un sólo socio en su propio nombre. Doña Sonia no podía obligar a la sociedad sin tener un poder de la sociedad para eso. Tampoco podía obligar a don José, el otro socio, por la misma razón. La sentencia por ella propuesta sólo puede obligarle a ella en su carácter personal. Sólo podría repetir contra la sociedad “en cuanto dichos actos hayan redundado en provecho de ella”. Así lo dispone el Art. 1589 de Código civil, 31 L.P.R.A. 4372.
A este Tribunal no le corresponde examinar las claras implicaciones éticas de la conducta del licenciado Font en este caso. Pero debemos poner en perspectiva que al abogado le corresponde aclarar, en la vista que hemos ordenado —sobre la controversia de hechos que existe claramente entre todas las partes — , la verdad sobre la representación de doña Sonia y la propuesta para que se dictara sentencia.
En este caso se pueden conjeturar varias posibilidades. Es posible que la prueba en la vista evidenciaría establezca que sólo doña Sonia fue representada en este caso y que por consiguiente sólo ella —por su propia propuesta de sentencia — , es responsable ante don Juan, como hemos visto. Pero también es posible que la prueba establezca que don José sí se sometió voluntariamente a la jurisdicción porque organizó y participó en la negociación que dio como resultado la propuesta de sentencia en la contestación a la demanda; y que su abogado sí era el licenciado Font. En esa circunstancia, se confirmaría la sospecha de la jueza de primera instancia de que las alegaciones del licenciado Font son falsas. El asunto, entonces, no sería solamente condenar a “la parte demandada” al pago de la deuda admitida. También habría que dirimir otra conjetura: que “laparte demandada” se hubiese puesto de acuerdo para —con la ayuda del licenciado Font — , permitir primero que se dictara sentencia con el fin de, después, en la etapa de ejecución, plantear al Tribunal el asunto de jurisdicción sobre la persona de don José y la falta de solidaridad como impedimento para cobrarle a doña Sonia la deuda.
Como vimos, doña Sonia planteó una tercera posibilidad: que hubiese habido un contubernio entre don José Pérez y don Juan Soto para responsabilizar a doña Sonia por la deuda que ellos se las arreglaron para imputarle.
Las controversias de hechos plantean la posibilidad de un fraude que podría ser extrínseco o intrínseco. Ambos están contemplados en el Número (3) de la Regla 49.2, 32 L.P.R.A., Ap. III, R. 49.2. El fraude intrínseco sería el posible contubernio de “la parte demandada” para impedir la ejecución de la sentencia propuesta en la contestación, según alega don Juan; y el fraude extrínseco sería, el posible contubernio entre don José y don Juan para obligar a doña Sonia a asumir la responsabilidad por los negocios de ellos. Explicó el Tribunal Supremo en el citado caso de Roca, a la página 425:

“La alegación de fraude extrínseco está predicada en la tesis de que un litigante ha estado impedido de presentar o dilucidar en juicio sus reclamaciones o defensas en virtud de la conducta fraudulenta de la otra parte, en contraste con el fraude intrínseco, que se refiere a las cuestiones inherentes al litigio, esto es, aquellas cuestiones actuales o potenciales que se plantearon o pudieron haberse planteado (...). ”

Pero para llegar a la conclusión de que alguna de las partes incurrió en fraude, sea intrínseco o extrínseco, hay que escuchar la prueba. “De cualquier hecho probado, se puede extraer una conjetura contraria a su ocurrencia natural o lógica”, explicó el Tribunal Supremo en Feliciano v. P. Cedeño S. en C., 78 D.P.R. 39, 43 (1955). Lo hemos visto en este caso. Por eso, en ese mismo precedente, nuestro más alto foro estableció que: “Es un principio jurídico umversalmente reconocido, que el fraude no se presume nunca, o sea, que el fraude no puede tener una base puramente conjetural. ”
Ahora bien, el fraude que fuera, si es que uno se cometió, no puede beneficiar a quienes lo fraguaron. Nuestro Tribunal Supremo lo ha pautado sobre la base de la doctrina de los actos propios: “El contenido de la norma de que a nadie es lícito ir contra los propios actos tiene fundamento y raíz en el principio general de Derecho que *1024 ordena proceder de buena fe en la vida jurídica. La conducta contradictoria no tiene lugar en el campo del Derecho”. Int. General Electric v. Concrete Builders, 104 D.P.R. 871, 877 (1976).
Faltan hechos por probar y sopesar en este caso antes de llegar a una conclusión sobre si se debe o no relevar a alguna parte de la Sentencia o si ésta debe ser objeto de alguna corrección.
Por los fundamentos expuestos, se revoca la Resolución recurrida y se devuelve el caso al Tribunal de Primera Instancia para que celebre vista evidenciada sobre los hechos en controversia.
Lo acordó el Tribunal y lo certifica la Secretaria.
Leda. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones